11-2621-cv
Gulotti v. Holder, *et al.*.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street in the City of New York, on the 3rd day of July, two thousand twelve.

PRESENT:

    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    SUSAN L. CARNEY,

        *Circuit Judges*

---

ILIA GULOTTI & GARY STERN,

        *Plaintiffs-Appellants*,

        v.                               11-2621-cv

ERIC H. HOLDER, JR., United States Attorney
General, JANET NAPOLITANO, Secretary, Department
of Homeland Security, ALEJANDRO MAYORKAS,
Director, United States Citizenship & Immigration
Services, ANDREA QUARANTILLO, District Director,
New York District Office, United States Citizenship
& Immigration Services, PERRY RHEW, Chief,
Administrative Appeals Office, United States
Citizenship & Immigration Services,

        *Defendants-Appellees*.[1]

---

[1] The Clerk is directed to amend the official caption to conform with the caption above.

**FOR PLAINTIFF-APPELLANT:**    ELYSSA N. WILLIAMS, Formica, P.C., New Haven, CT.

**FOR DEFENDANTS-APPELLEES:**    CHRISTOPHER CONNOLLY, Assistant United States Attorney (Jeffrey Oestericher, Assistant United States Attorney, *on the brief*) *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants Ilia Gulotti and Gary Stern (collectively, "plaintiffs") appeal from a final judgment of the District Court, entered on May 11, 2011, denying their motion for summary judgment, granting defendants-appellees' (the "Government's") cross-motion for summary judgment, and dismissing the plaintiffs' petition for a writ of mandamus directing the Government to grant Gulotti's application for a certificate of citizenship *nunc pro tunc*.

## I.

Stern and Gulotti are father and daughter. Stern is a native of Switzerland who became a naturalized citizen of the United States through his U.S.-citizen father in 2000. Gulotti was born in Switzerland in 1990. Stern and Gulotti's mother were never married, but Stern has joint custody over Gulotti pursuant to an agreement approved by the Swiss Board of Guardianship in 2006. In August 2007, when Gulotti was seventeen years old, Stern filed an N-600K application for a certificate of citizenship on Gulotti's behalf.

The statute governing applications for citizenship by children of U.S. citizens born and residing outside the United States provides that the Attorney General shall issue a certificate of citizenship to an applicant upon proof that the following criteria have been met:

> (1) At least one parent . . . is a citizen of the United States, whether by birth or naturalization.
>
> (2) The United States citizen parent –
>
> (A) has . . . been physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years; . . .

2

(3) The child is under the age of eighteen years.

(4) The child is residing outside of the United States in the legal and physical custody of the applicant . . . .

(5) The child is temporarily present in the United States pursuant to a lawful admission, and is maintaining such lawful status.

INA § 322(a), 8 U.S.C. § 1433(a).

At the time her application for citizenship was filed, Gulotti was seventeen years old. However, by the time the Bureau of Citizenship and Immigration Services ("CIS") adjudicated the application, Gulotti had turned eighteen. CIS therefore denied the application, holding that, in order to be eligible for a certificate of citizenship under INA § 322(a), a child "must have taken and subscribed to the oath of allegiance required by this Act before she reache[s] the age of eighteen." Plaintiffs appealed that determination to the CIS Administrative Appeals Office ("AAO"), arguing that it was only as a result of CIS's delays that the application was not adjudicated prior to Gulotti's turning eighteen. The AAO dismissed the appeal, finding that § 322(a) requires that a "citizenship application be filed, adjudicated, and approved with the oath of allegiance administered before the child's 18th birthday."

Plaintiffs then filed a petition for a writ of mandamus in the District Court, requesting that the court order CIS to approve the application. Plaintiffs and the Government filed cross motions for summary judgment on the issue of whether Gulotti satisfies the criteria of INA § 322(a). The District Court granted summary judgment in favor of the Government, and denied the petition for a writ of mandamus, holding that, irrespective of the age issue, Gulotti did not satisfy the requirements of INA § 322(a) because she was not "temporarily present in the United States pursuant to a lawful admission" either at the time her application was filed, or any time during the pendency of the application.[2] Plaintiffs timely appealed.

## II.

"We review de novo a district court's ruling on cross-motions for summary judgment, in each case construing the evidence in the light most favorable to the non-moving party." *Novella v. Westchester Cnty.*, 661 F.3d 128, 139 (2d Cir. 2011) (internal quotation marks omitted). "Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

---

[2] The District Court went on, in *dicta,* to express doubt that an application filed when a child is under eighteen could be denied merely by virtue of the fact that CIS delayed adjudication of the application until after the child turned eighteen.

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff . . . only if the defendant owes him a *clear nondiscretionary* duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (emphasis added). "A party who seeks a writ of mandamus must show a 'clear and indisputable right' to its issuance." *Escaler v. U.S. Citizenship & Immigration Servs.*, 582 F.3d 288, 292 (2d Cir. 2009) (quoting *Miller v. French*, 530 U.S. 327, 339 (2000)). The plaintiffs in this case have not met their burden of showing a "clear and indisputable right" to the issuance of the writ.

As the District Court observed, § 322(a)(5) expressly provides that the Attorney General shall grant an application for a certificate of citizenship if, *inter alia*, the applicant "is" lawfully present in the United States and "is" maintaining lawful status. The statute is somewhat ambiguous with respect to the point in time at which an applicant must be "temporarily present in the United States pursuant to a lawful admission." *Id.* § 322(a)(5); 8 U.S.C. § 1433(a)(5). The plaintiffs argue that Gulotti could have satisfied this requirement by lawfully entering the United States and being "present" at the time of her citizenship interview. The Government maintains that the requirement must be satisfied at the time the application is filed.

In support of its interpretation, the Government notes that the general rule is that an applicant for an immigration benefit "must establish that he or she is eligible for the requested benefit at the time of filing the benefit request and must continue to be eligible through adjudication." 8 C.F.R. § 103.2(b)(1). We note as well that, not long after § 322(a) was amended as part of the Child Citizenship Act of 2000, Pub. L. 106-395, 114 Stat. 1631 (2000), the agency published a notice in the Federal Register stating that "a foreign-born child who resides outside the United States must be lawfully admitted to the United States and maintain such lawful status *until the application for certificate of citizenship is approved.*" 66 Fed. Reg. 32138, 32139 (2001).

Our task in this appeal is only to determine whether the plaintiffs have shown a "clear and indisputable right" to the issuance of the extraordinary writ of mandamus directing the agency to grant their N-600 application. In light of the authority cited above, it cannot be said that Gulotti has a clear and indisputable right to have her application granted. This is particularly true given the plaintiffs' concession that Gulotti was not present in the United States at *any* time during the pendency of her application. Accordingly, without resolving the question of precisely when, and for how long, an applicant must be present in the United States to satisfy § 322(a)(5), we affirm the judgment of the District Court denying the petition for a writ of mandamus.

However, recognizing that future cases may turn on the resolution of this question, we encourage the Agency to provide clear instructions to applicants on how to comply with § 322(a)(5). Such Agency guidance would facilitate claims processing and reduce the need for judicial review.

4

**CONCLUSION**

We have considered all of the plaintiffs' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court
