22-2833-cv
*Keane v. Dibbins*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

Tara Michelle Keane, Daniel Daskalakis,
Jason Daskalakis,

> *Plaintiffs-Appellants*,

Helene Patricia Keane,

> *Plaintiff*,

> v.                                                              22-2833-cv

Susan Dibbins, Chief, USCIS Office of
Administrative Appeals, Carole E. Karlowicz,
Acting Field Office Director, USCIS
Providence Field Office, Tamika Gray, District
Director, USCIS New York District Office,
Ur M. Jaddou, Acting Director, U.S.
Citizenship and Immigration Services,

> *Defendants-Appellees.*

_____

FOR PLAINTIFFS-APPELLANTS:                    GREGORY ROMANOVSKY, Romanovsky Law LLP, Boston, MA (Trina Realmuto, Mary Kenney, Kristin Macleod-Ball, National Immigration Litigation Alliance, Brookline, MA, *on the brief*).

FOR DEFENDANTS-APPELLEES:                    JOSHUA S. PRESS, Special Assistant United States Attorney (Christopher Connolly, Assistant United States Attorney, *on the brief*) *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Tara Michelle Keane and her two sons, Jason and Daniel Daskalakis (collectively, "plaintiffs"), appeal the district court's judgment dismissing their action to compel U.S. Citizenship and Immigration Services ("USCIS") to issue Jason and Daniel certificates of citizenship. They seek a writ of mandamus or, in the alternative, equitable relief in the form of either estoppel or *nunc pro tunc* adjudication. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.    Background

Keane is a U.S. citizen, and her children Jason and Daniel were born in Greece in 1993 and

1995, respectively.   In 1998, Keane submitted N-600A applications for certificates of citizenship pursuant to Section 322 of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1433, on behalf of each child who then lived in Greece.   Because Keane herself did not meet the required physical presence element under the statute, she used the physical presence of her mother, Helene Keane, who resided in the United States.   At that time, the statute governing applications for citizenship by children of United States citizens born and residing outside of the United States provided the following:

(a) Application by citizen parents; requirements

A parent who is a citizen of the United States may apply for naturalization on behalf of a child born outside of the United States who has not acquired citizenship automatically under section 1431 of this title.   The Attorney General shall issue a certificate of citizenship to such parent upon proof, to the satisfaction of the Attorney General, that the following conditions have been fulfilled:

(1) At least one parent is a citizen of the United States, whether by birth or naturalization.

(2) The United States citizen parent--

(A) has been physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years; or

(B) has a citizen parent who has been physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years.

(3) The child is under the age of eighteen years.

(4) The child is residing outside of the United States in the legal and physical custody of the citizen parent, is temporarily present in the United States pursuant to a lawful admission, and is maintaining such lawful status.

3

(b) Attainment of citizenship status; receipt of certificate

> Upon approval of the application (which may be filed from abroad) and, except as provided in the last sentence of section 1448(a)[5] of this title, upon taking and subscribing before an officer of the Service within the United States to the oath of allegiance required by this Act of an applicant for naturalization, the child shall become a citizen of the United States and shall be furnished by the Attorney General with a certificate of citizenship.

8 U.S.C. § 1443(a)–(b), as enacted by the Child Citizenship Act of 2000, Pub. L. No. 106-395, § 103(a)–(b), 114 Stat. 1631, 1632.[1]

In both 1999 and 2001, the agency (the former Immigration and Naturalization Service ("INS")) formally requested additional documents from Keane. Her mother, Helene, attempted to hand deliver the documents to an INS office in Manhattan on September 10, 2001, but was told to mail them instead. Helene then mailed the requested documents that day. Following the September 11, 2001 terrorist attacks, INS either lost or mishandled those documents. Then in March of 2002, INS denied both applications, citing the failure to submit the additional information. Plaintiffs timely appealed that decision, but the agency again allegedly mishandled the files. Having received no response from the government for nearly two decades, in June 2019, plaintiffs submitted new appeals. Ultimately, on May 21, 2020, the Administration Appeals Office of USCIS denied both applications on the grounds that the plaintiffs were then over the age of eighteen and, thus, were "statutorily ineligible for a certificate of citizenship." Joint App'x at 32 (Jason's application); *id.* at 36 (Daniel's application).

---

[1] The parties agree that the version of Section 1433 in effect on February 27, 2001 applies to this case. Although in the district court the parties and the court applied a version of the statute in effect until December 6, 1999, both sides agree on appeal that there is no relevant difference between the two versions of the statute. All further citations refer to the version of the statute effective until November 1, 2002, as enacted by the Child Citizenship Act of 2000, Pub. L. No. 106-395, § 103(a)–(b), 114 Stat. 1631, 1632.

In 2020, plaintiffs filed a complaint in the United States District Court for the District of Connecticut, naming a group of USCIS officers as defendants. Plaintiffs sought a writ of mandamus pursuant to 28 U.S.C. § 1361 on the grounds that they "had a clear right to become United States citizens when their . . . applications were submitted to . . . INS in 1998." Joint App'x at 12. They also brought a claim for the same relief under the doctrine of equitable estoppel and a claim that the agency violated the Administrative Procedure Act ("APA"). The district court then granted defendants' motion to dismiss the claims brought by plaintiff Helene Keane for lack of standing and transferred venue to the U.S. District Court for the Southern District of New York. In that court, defendants renewed their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), which the district court granted after hearing oral argument.

## II. Discussion

We "review a district court's grant of a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) *de novo*, accepting as true factual allegations made in the complaint, and drawing all reasonable inferences in favor of the plaintiffs." *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012) (internal citation omitted). A "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks and citation omitted).

One of the requirements for citizenship under the former Section 1443(a) is that "[t]he child is under the age of eighteen years." 8 U.S.C. § 1443(a)(3). On appeal, plaintiffs seek mandamus relief on the grounds that the plain reading of Section 1433 requires that applicants be under the age of eighteen only at the time they demonstrate eligibility for citizenship, and not when the

agency adjudicates their applications. Plaintiffs also argue that, even if the Court construes Section 1433(a)'s age requirement as applicable at the time of adjudication (and not submission), they are eligible for equitable relief. We address these arguments in turn below.[2]

## A. Mandamus

A writ of mandamus is an "extraordinary remedy" and will not be issued unless, among other things, the petitioner "shows[s] that his right to issuance of the writ is clear and indisputable." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (alteration adopted) (internal quotation marks and citation omitted); *accord Escaler v. U.S. Citizenship & Immigr. Servs.*, 582 F.3d 288, 292 (2d Cir. 2009). In other words, courts "deny mandamus even if a petitioner's argument, though pack[ing] substantial force, is not clearly mandated by statutory authority or case law." *Illinois v. Ferriero*, 60 F.4th 704, 714–15 (D.C. Cir. 2023) (quoting *In re Al Baluchi*, 952 F.3d 363, 369 (D.C. Cir. 2020)); *see also Gulotti v. Holder*, 486 F. App'x 219, 222 (2d Cir. 2012) (summary order) ("Our task in this appeal is only to determine whether the plaintiffs have shown a 'clear and indisputable right' to the issuance of the extraordinary writ of mandamus directing the agency to grant their N-600 application.").

Here, we find that plaintiffs fail to meet the highly demanding mandamus standard. In plaintiffs' view, the statutory scheme is clear and unambiguous that an applicant need only be eighteen at the time the application is submitted. Their principal argument is that because the statute requires that certain conditions "have been fulfilled" prior to another action—the submission of "proof"—there is one possible interpretation of the statute: the condition that

---

[2] The complaint asserted a claim under the Administrative Procedure Act, but the district court found that this claim was both abandoned and moot, and the plaintiffs do not challenge those determinations on appeal. Accordingly, we do not consider it.

applicants be under eighteen years-old need only be fulfilled at the time of submission. 8 U.S.C. § 1443(a). We disagree. The statute's language that certain conditions "have been fulfilled" can refer to either "a time in the indefinite past *or* a past action that has continuing relevance—that comes up to and touches the present." *Dobrova v. Holder*, 607 F.3d 297, 302 (2d Cir. 2010) (internal quotation marks and citation omitted) (alteration adopted). Therefore, the statute's plain text is ambiguous as to whether the age requirement must be met only at the time the application is submitted or also up through to the time that application is adjudicated. And although plaintiffs are indeed correct that when faced with this ambiguity courts must look to statutory context, *see Nwozuzu v. Holder*, 726 F.3d 323, 327 (2d Cir. 2013), we find no textual indicators definitively establishing that plaintiffs are entitled to a "clear and indisputable right" to the mandamus relief they seek. *See Gulotti*, 486 F. App'x at 222. To the contrary, Section 1443(a)(3)'s language that "[t]he child *is* under the age of eighteen years" could reasonably be interpreted to mean that the applicant must be—at the time of agency resolution of the application—under eighteen to meet the statute's criteria. 8 U.S.C. § 1443(a)(3) (emphasis added). Further statutory ambiguity is created by Section 1443(b)'s provision that only upon taking "the oath of allegiance" does "the child" become "a citizen of the United States." 8 U.S.C. § 1443(b). Section 1443(b) could reasonably be read to suggest that a person must remain a child through to the administration of the oath, which undermines plaintiffs' interpretation that the statutory conditions need only be met at submission of the application. 8 U.S.C. § 1443(b). Moreover, no other non-speculative tools of statutory interpretation definitively resolve the substantial ambiguity in the text created by the language of the underlying eligibility requirements and the reference to the term "the child" in Section 1443(b) with respect to taking the oath of citizenship. Thus, although plaintiffs' reading

7

of the statutory scheme is not implausible, we cannot issue a writ of mandamus directing the agency to grant citizenship where the entitlement to such an extraordinary writ is not "clear and indisputable" under the ambiguous statutory framework at issue here. *Cheney*, 542 U.S. at 381 (internal quotation marks and citation omitted). Accordingly, we conclude that plaintiffs have not shown that they are entitled to mandamus relief.

## B. Equitable Remedies

Plaintiffs argue that, even if Section 1443(a) requires that an applicant be eighteen when the application is adjudicated, they are entitled to equitable relief in either the form of estoppel or a *nunc pro tunc* adjudication because of the agency's unreasonable delay in adjudicating the application and the appeal. However, the Supreme Court has established that "[n]either by application of the doctrine of estoppel, nor by invocation of equitable powers, nor by any other means does a court have the power to confer citizenship in violation of [statutory] limitations." *INS v. Pangilinan*, 486 U.S. 875, 885 (1988). In short, "[c]ourts cannot grant citizenship through their equitable powers." *Hizam v. Kerry*, 747 F.3d 102, 110 (2d Cir. 2014) (citing *Pangilinan*, 486 U.S. at 885); *see also Edwards v. I.N.S.*, 393 F.3d 299, 309 (2d Cir. 2004) (explaining that *nunc pro tunc* relief is not available "in contravention of the expressed intent of Congress"). Accordingly, plaintiffs are not entitled to any equitable remedy under these circumstances.

\* \* \*

We have considered plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court